**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CRAIG LEMIRE, )<br>)<br>Plaintiff )<br>) **Case No.:**<br>v. )<br>) **COMPLAINT AND DEMAND FOR**<br>EOS CCA, ) **JURY TRIAL**<br>)<br>Defendant ) **(Unlawful Debt Collection Practices)** | |

## COMPLAINT

CRAIG LEMIRE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and maintains its headquarters in the State of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Springfield, Massachusetts 01151.

6. Defendant is a national debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, MA 02061.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendant contacted Plaintiff seeking to collect an alleged consumer debt.

10. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

11. Beginning in November 2011, Defendant placed repeated harassing calls to Plaintiff's cellular telephone and to Plaintiff's employer.

12. Defendant's collectors called Plaintiff's employer and divulged information about this alleged debt to his employer, including that Plaintiff owed a debt to Defendant, without the consent of Plaintiff.

13. Defendant's contacts with Plaintiff's employer caused strain on his working relationship, as he is now embarrassed and fearful about the future of his employment.

14. This third party contact was made with the intent to harass, embarrass, intimidate, and coerce Plaintiff into making payment of the alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692b(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

15. Section 1692b(2) of the FDCPA states that any debt collector communicating with any person other than the consumer shall not state that such consumer owes any debt.

16. Defendant violated § 1692b(2) of the FDCPA when it called Plaintiff's employer and divulged that Plaintiff allegedly owed a debt to Defendant without the consent of Plaintiff.

## COUNT II
## DEFENDANT VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

17. Section 1692c(b) of the FDCPA states that a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, without the prior consent of the consumer.

18. Defendant violated § 1692c(b) of the FDCPA when it communicated with Plaintiff's employer in connection with the alleged debt without the prior consent of the Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

20. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff's employer and discussed the subject debt without Plaintiff's permission, when it divulged personal and confidential information to Plaintiff's

PLAINTIFF'S COMPLAINT

employer causing Plaintiff strain on his employment, and when it engaged in other harassing or abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22.     Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

24.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff's employer and discussed the subject debt without Plaintiff's permission, when it divulged personal and confidential information to Plaintiff's employer causing Plaintiff strain on his employment, and when it engaged in other harassing or abusive conduct.

WHEREFORE, Plaintiff, CRAIG LEMIRE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CRAIG LEMIRE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 11/11/2012   KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com